Filed 4/25/13  P. v. Tomlin CA2/4

**TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>BETTY LOU TOMLIN,<br><br>　　　Defendant and Appellant. | B240705<br><br>(Los Angeles County<br>Super. Ct. No. VA114553) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Marcelita V. Haynes, Judge.  Affirmed.

Elizabeth A. Courtenay, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant Betty Lou Tomlin pled no contest to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). Imposition of the two-year midterm sentence was suspended, and she was placed on probation and ordered to complete a drug treatment program. After the court repeatedly ordered Tomlin to complete various drug treatment programs, it revoked probation and imposed the two-year prison term. Tomlin appealed. Our independent review of the record reveals no arguable issues that would aid Tomlin. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Tomlin was charged with possession of a controlled substance, in violation of Health and Safety Code section 11377, subdivision (a). She pled no contest as the result of a plea agreement. In exchange, she was given a two-year midterm sentence, execution suspended. In addition, she was to serve three years of formal probation and complete one year of live-in treatment at the Sylmar Rehabilitation Center. Judge Haynes stated the reporting requirements attached to the sentence and imposed a series of fines. The fines were permanently stayed because of Tomlin's indigence. She was released to a representative of the drug treatment program.

Tomlin failed to appear at a subsequent court hearing. The probation report indicated that she had deserted probation. A bench warrant was issued, and probation was revoked. Tomlin then appeared before the court and admitted she had violated probation. The court reinstated probation and ordered her to complete the rehabilitation program.

Four months later, probation was again revoked, and Tomlin was remanded into custody. She admitted violating her probation by failing to follow the drug treatment program's rules. The court stated that it would be giving her "one more chance" before having the two-year prison term imposed. Probation was reinstated, and Tomlin was again ordered to complete a treatment program and to attend day programs. The court told Tomlin that she was to report to probation "once [she was] stabilized" and ensured that she understood those conditions.

2

Probation was again revoked after Tomlin failed to comply with the treatment program's rules, and she was placed in jail. The court stated that it would allow Tomlin another chance to complete the drug treatment program. It explicitly stated that if she failed to follow the rules of the facility, she would be sent to prison to serve her term. The court left probation revoked and set a probation violation hearing for 30 days later. The court asked Tomlin if she understood what she was expected to do and told her she was being ordered to appear at that hearing. She affirmed that she understood. Tomlin failed to appear at the hearing, and a bench warrant was issued.

The court held a hearing on the probation violation, which Tomlin attended. It indicated that Tomlin had failed to comply with the orders of the treatment program and did not report to probation. Tomlin did not refute that she had failed to comply with the program's rules, but she testified that she was not told to report to probation and did not know she was supposed to report because she believed the court had suspended that requirement until the next scheduled court date. The court indicated that it was looking at the entire history of the case, including the multiple opportunities she was afforded to avoid the prison sentence. It found Tomlin in violation of probation, and probation was ordered revoked. The previously suspended two-year prison sentence was imposed.

This appeal followed.

## DISCUSSION

We appointed counsel to represent Tomlin on appeal. Appointed counsel filed an appellate brief raising no issue, but asking this court to independently review the entire record on appeal for arguable issues, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441–442.[1] Tomlin was advised that she had 30 days within which to submit by brief or

---

[1] Appointed counsel notes that she filed a motion with the trial court to correct the abstract of judgment regarding presentence credits, but it was not heard because Tomlin had already been released from custody. Counsel states that more presentence credit would not benefit Tomlin because she is not subject to parole or other post-release supervision. We decline to address the issue as Tomlin's custody status is not in the record before us.

letter any contentions or arguments she wished this court to consider.  No response has been received.

We have independently reviewed the record in accordance with *People v. Wende*, *supra*, 25 Cal.3d at pages 441–442, and find no arguable issues that could aid Tomlin.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        EPSTEIN, P. J.

We concur:


        MANELLA, J.


        SUZUKAWA, J.


4